UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JASON PHILBERT,

|  |  |
|---|---|
| Plaintiff, | COMPLAINT |
|  | (Jury Trial Demanded) |
| -against- |  |
|  | 16 Civ. 1096 |
| CITY OF NEW YORK, P.O. JOHN/JANE DOES 1-20, Shield Nos. Unknown, and SGT. JOHN/JANE ROES 1-10, Shield Nos. Unknown, |  |
|  |  |
| Defendants. |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiff Jason Philbert, by his attorney Scott A. Korenbaum, Esq., for his Complaint,

alleges as follows:

## INTRODUCTION

1.      Jason Philbert brings this action pursuant to, 42 U.S.C. § 1983 to redress the

deprivation of his federal constitutional rights.  During the early morning hours of April 26,

2015, Mr. Philbert was admitted to Jamaica Hospital (the "Hospital") for emergency surgery.

Upon the completion of surgery, Mr. Philbert found himself manacled to his hospital bed by

members of the New York City Police Department (the "Department") because of an outstanding

warrant.  He then remained handcuffed to his hospital bed for more than 80 hours without being

arraigned.

## JURISDICTION AND VENUE

2.      Pursuant to 28 U.S.C. §§ 1331 and 1343, jurisdiction is proper as Mr. Philbert's

claims arise under federal law.  Pursuant to 28 U.S.C. § 1367, jurisdiction is proper as to his

claims arising under the common law of the State of New York.

3.      Pursuant to 28 U.S.C. § 1391(b), venue is proper as the acts complained of

occurred in the State of New York, County of Queens.

PARTIES

4.      Mr. Philbert is a citizen of the United States.  He resides in the State of New York, County of Queens.

5.      Defendant police officers John/Jane Does 1-20 were, upon information and belief, members of the Department.  Upon further information and belief, at all times relevant herein, they were assigned either to the 102nd or 103rd Precinct and assigned to "guard" Mr. Philbert while at the Hospital.

6.      Upon information and belief, defendants Does 1-20 are still members of the Department and still assigned to the 102nd or 103rd precinct.  At all times relevant herein, they were acting within the scope of their employment and under color of law.

7.      Defendant Sgts. John/Jane Roes 1-10 were, upon information and belief, members of the Department.  Upon further information and belief, at all times relevant herein, they were assigned to the 102nd or 103rd Precinct.  These supervisors assigned the defendant police officers to "guard" Mr. Philbert while at the Hospital.

8.      Upon information and belief, defendant Roes 1-10 are still members of the Department and still assigned to the 102nd or 103rd precinct.  At all times relevant herein, they were acting within the scope of their employment and under color of law.

9.      Defendant City of New York is a municipal corporation organized pursuant to the laws of the State of New York.  It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York.  At all times relevant herein, it was the employer of defendants Does and Roes.

-2-

ADMINISTRATIVE PREREQUISITES

10.     On May 6, 2015, Mr. Philbert filed a timely Notice of Claim with defendant City in the Office of the City Comptroller, in accordance with the General Municipal Law.

11.     This action is commenced within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-i of the General Municipal Law.

FACTS UNDERLYING THE COMPLAINT

12.     During the late hours of April 25, 2015, Mr. Philbert sustained serious injury after being shot by an unknown assailant.  Upon information and belief, members of the Department accompanied him to the Hospital.

13.     Upon information and belief, members of the Department learned, while transporting Mr. Philbert to the Hospital, that he (Mr. Philbert) had an outstanding Queens County warrant stemming from a 2006 Summons (Docket 2006SQ076163) for being in the park after closing in violation of New York City Park Rules and Regulations 1-03(C)(2).

14.     Following surgery, Mr. Philbert awakened to find himself shackled to a hospital bed by his ankles and wrist.  One or more of the defendant Does and/or Roes caused Mr. Philbert to be handcuffed to his bed because of this outstanding warrant.

15.     Even though the Queens County District Attorney's Office (the "DA's Office") and the New York City Criminal Court, Queens County, have procedures in place that provide for hospital bedside arraignments, Mr. Philbert was not arraigned within 24 hours as required by the laws of the State of New York.

16.     As a result of the actions and inactions of the defendant officers and supervisors, Mr. Philbert remained manacled to his hospital bed for more than 80 hours.

17.     On the morning of April 29, 2015, Lawrence Fagenson, Esq., who was retained by Mr. Philbert's mother, went to Queens County Criminal Court in an attempt to help Mr. Philbert. He spoke with the clerk who scheduled hospital arraignments.  He learned that the hospital arraignments part had no record of Mr. Philbert either being taken into custody or needing a hospital arraignment. She recommended that Mr. Fagenson call Assistant District Attorney Susan Kane

18.     Mr. Fagenson then spoke with ADA Kane, who advised him that the DA's Office had no information concerning Mr. Philbert.  After receiving assurances from Mr. Fagenson that his information was accurate, she said she would look into this matter.

19.     ADA Kane contacted Mr. Fagenson a short time later.  She advised Mr. Fagenson that the defendant officers and supervisors had violated protocol, and that Mr. Philbert was in police custody without that information having been forwarded either to Central Booking or the DA's Office.

20.     Mr. Fagenson asked ADA Kane if she would be arranging a hospital arraignment. She indicated that was not the way she chose to handle situations like this.  Instead, she would have the warrant pulled at once and brought before a judge, at which point the People would move to dismiss the case.  Once dismissed, ADA Kane noted that she would call the precinct and tell them to remove the handcuffs from Mr. Philbert and leave his hospital room.

21.     Shortly after his conversation with ADA Kane, Mr. Fagenson went to Arraignment Part 1 (AR1) to see if Mr. Philbert's case would be called.  Within 10 minutes of his arrival in AR1, at 12:50 p.m., the case was called.  The assigned Judge dismissed and sealed the docket.

22.     Mr. Fagenson then called Ms. Philbert at approximately 2:45 p.m. to see if the defendants had left her son's bedside.  She said they had not.  Mr. Fagenson told Ms. Philbert to notify him immediately after the police left.  She called Mr. Fagenson at approximately 3:40 p.m. and told him that the police had left after taking off Jason's handcuffs.

## FIRST CLAIM FOR RELIEF
(42 U.S.C. § 1983 – Excessive Detention)

23.     Plaintiff Jason Philbert repeats and realleges the allegations contained in paragraphs 1 through 22, as if fully set forth herein.

24.     During the early morning hours of April 26, 2015, one or more of the Doe defendants seized Mr. Philbert by shackling him to his hospital bed following emergency surgery.

25.     Mr. Philbert remained shackled to his hospital bed for upwards of 80 hours by defendant Does and/or Sgt. Roes.

26.     As a result of these defendants' conduct, Mr. Philbert was detained, and at all times he knew he was detained.  Moreover, Mr. Philbert did not consent to his confinement.

27.     Because defendants did not have any justification for failing to have Mr. Philbert arraigned promptly, their actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

28.     As a result of these defendants' conduct, plaintiff was harmed emotionally and physically.

## SECOND CLAIM FOR RELIEF
(State Law False Arrest/False Imprisonment)

29.     Plaintiff Jason Philbert repeats and realleges the allegations contained in

-5-

paragraphs 1 through 28, as if fully set forth herein.

30.     As a result of the defendants' conduct, Mr. Philbert was detained, and at all times he knew he was detained.  Moreover, Mr. Philbert did not consent to his confinement.

31.     Because defendants did not have any justification for failing to have Mr. Philbert arraigned within 24 hours, their actions were not privileged.

32.     As a result of these defendants' conduct, Mr. Philbert was detained, and at all times he knew he was detained.  Moreover, Mr. Philbert did not consent to his confinement.

33.     As a result of the individual defendants' conduct, plaintiff was harmed emotionally and physically.

34.     As the employer of the individual Does and Roes, defendant City is responsible for the harm Mr. Philbert has suffered as a result of these defendants' conduct pursuant to the doctrine of *respondeat superior*.

THIRD CLAIM FOR RELIEF
(State Law Battery)

35.     Plaintiff Jason Philbert repeats and realleges the allegations contained in paragraphs 1 through 34, as if fully set forth herein.

36.     From April 26, 2015, through April 29, 2015, defendants intentionally and without legal justification touched Mr. Philbert in a harmful and offensive manner.

37.     Mr. Philbert did not consent or authorize these defendants to touch him this way.

38.     These defendants were agents of defendant City and were at all relevant times acting within the scope of their employment.

39.     As a result of these defendants' conduct, Mr. Philbert suffered physical and

psychological injury.

40.    As the employer of the individual Does and Roes, defendant City is responsible

for the harm Mr. Philbert has suffered as a result of these defendants' conduct pursuant to the

doctrine of *respondeat superior*.

PRAYER FOR RELIEF

**WHEREFORE**, Mr. Philbert prays for the following relief:

(a)    compensatory damages in an amount to be determined at trial;

(b)    punitive damages in an amount to be determined at trial;

(c)    reasonable attorneys' fees;

(d)    costs and expenses; and

(e)    such other and further relief as is just and proper.

Dated: New York, New York
       March 4, 2016

SCOTT A. KORENBAUM, ESQ.
Attorney for Plaintiffs
11 Park Place, Suite 914
New York, New York 10007
(212) 587-0018


By: _____
        Scott A. Korenbaum